STATE OF NEW JERSEY IN THE INTEREST OF L. M., A JUVENILE.

APPEAL OF STATE OF NEW JERSEY.

Argued May 19, 1970—Decided June 29, 1970.

*Mr. Arthur J. Timins,* Assistant County Prosecutor, argued the cause for appellant (*Mr. Leo Kaplowitz,* Union County Prosecutor, attorney).

*Mr. Donald T. Smith* argued the cause for respondent.

PER CURIAM. Defendant, a juvenile, was adjudged a delinquent by the Union County Juvenile and Domestic Relations Court. The adjudication arose out of a charge that he was apprehended sniffing glue in contravention of *N. J. S. A.* 2A:4-14(m). Upon appeal to the Appellate Division, this adjudication was reversed on the ground that the "trial judge engaged in an impermissible decisional process which shifted the burden of proof to defendant." This Court granted the State's petition for certification. 55 *N. J.* 359.

The testimony was as follows: Officer John Vasquez of the Elizabeth Police Department testified that he and his partner were stopped by and received information from an "anonymous informer" that there were three youths sniffing glue on the third floor of a building at 10 McGlory Manor; that the three youths, later identified as defendants D., W. and M., were sitting in a hallway corner; that D. was holding a brown paper bag filled with airplane glue approximately seven inches from his face. According to this witness, all of the defendants "reeked" with glue, and their eyes were glazed and their speech slurred. At this point the defendants were arrested, the brown bag filled with airplane glue was confiscated, and the defendants were searched in order to ascertain if they had any other narcotics on them.

On cross-examination Officer Vasquez expressed some uncertainty as to the weather conditions on the night of the arrest. The witness stated that D. was the individual most obviously affected by the glue sniffing, but that both W. and M. also appeared to be under the influence of the glue. Officer Vasquez further testified that after apprehending the youths in the hallway, he smelled the breath

of each defendant, and each defendant had the odor of glue on his breath.

The testimony of Vasquez's partner, Officer McDaniel, differed materially in some respects from that of Vasquez. McDaniel asserted that he and his partner responded to a "call," communicated from the dispatcher at police headquarters, that there were some juveniles in the court of McGlory Manor. Upon approaching the three youths Officer McDaniel noticed that D. appeared to be in a stupor, but the physical characteristics of W. and M. "appeared to be normal." Although the odor of glue was readily evident on the breath of D., McDaniel did not detect any odor on the breath of either W. or M. This witness also stated that he actually saw D. with the bag over his nose sniffing glue.

After the cross-examination of Officer McDaniel was concluded, the attorney for defendant D., stressing the memory lapses of Officer Vasquez, moved for a dismissal of the charges against all of the defendants. In response to the attorney's argument, the court initially observed:

"THE COURT: Counsel, maybe I can save us all a moment. There is a testimony on the part of Vasquez that he smelt [sic.] the odor of glue on all their breaths. Isn t that sufficient, if believed, to warrant the charge of a conviction of the charge of glue sniffing?"

The attorney then continued his argument and suggested that any odor of glue may have been the product of poor ventilation and rainy weather. As to this point, the court remarked:

"THE COURT: And that, of course, is a matter of defense, isn't it?

MR. SEVACK: Yes.

THE COURT: But as of now, isn't there sufficient [evidence] here to avoid the motion for dismissal? Three boys are secluded in a rather secluded area. They have a bag, the contents of which is glue. One is found sniffing, glue was found on the breath of all three. Isn't this, of and by itself, sufficient to warrant a dismissal of a motion for dismissal at this time? I'm merely trying to save us all a moment."

The motion having been denied, M.'s attorney commenced his summation. After stressing the inconsistencies between the testimony of Officer McDaniel and Officer Vasquez, he adverted to the fact that Officer McDaniel testified that he did not find any odor of glue on the defendant's breath. The court interrupted defense counsel's closing remarks and the following discussion took place:

"THE COURT: I would like to point one thing out to you that evidently has been overlooked. In this testimony here all these boys had the odor of glue on their breaths. This young man has not denied it. Do you realize that? There has been no denial of the fact that he had the odor of glue on his breath.

MR. SMITH: Your Honor, if this young man did not have the odor of glue on his breath and the young man had pleaded not guilty to sniffing glue and if I choose to not put him on the stand—

THE COURT: There is no question about that. I don't know how you arrive at that. The statement testified to as a fact and not denied is deemed to be admitted, is it not? Here you have yourself in a position where the officer has testified to the odor of glue being on the breath of all three boys. Just a minute please. This has not been denied. Where does that leave me as the trier of the fact? I merely point it out to you because I thought perhaps there was a slip. Now if you still feel that you would like to proceed without putting the boy on the stand, that, of course, is your privilege, but I merely mention it to you for what it may be worth."

Immediately after this discussion between court and counsel, M.'s attorney concluded his summation and requested the court to find defendant M. not guilty on both charges.

We are unable to determine from the above quoted dialogue between court and counsel whether the judge intended to convey that he considered that when defendant's counsel elected to make a summation, the burden of proof had shifted to defendant. In effect we cannot tell whether the court was pointing out that even though no inference could be drawn against defendant for not taking the stand, if the court found Vasquez's testimony believable and unrebutted, there was sufficient proof to find, beyond a reasonable doubt, that defendant was guilty — in other words, whether counsel

had weighed the possible effect of the tactic of not having defendant take the stand.

If the intention was to state that failure of defendant to take the stand gave rise to an inference of guilt against him, and thus to indicate that the burden of proof had shifted to him because of the incriminating evidence introduced against him in the complainant's case, the court was, of course, in error, and on this remand a new determination shall be made free of this error. If the comments were intended to indicate to defendant only that the incriminating evidence aaginst him was uncontradicted, and, since such evidence was sufficiently credible to establish guilt beyond a reasonable doubt, the court would feel obliged to make such finding, no error was committed. In this event the judgment as originally entered may stand. The matter is accordingly remanded to the trial court for consideration in accordance herewith.

*For remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*Opposed*—None.